# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

Cousins Submarines, Inc.,       )
Cousins Subs Systems, Inc.,      )
                                )
           Plaintiff,       )
                                )   Case No.  12 CV 387
v.                                )
                                )
Federal Insurance Company,      )
                                )
           Defendant.     )

---

## FEDERAL INSURANCE COMPANY'S UNOPPOSED MOTION IN LIMINE NO. 1 TO EXCLUDE WITNESSES FROM THE COURTROOM DURING THE TRIAL OF THIS MATTER UNTIL AFTER THEIR TESTIMONY

---

Defendant, Federal Insurance Company ("Federal"), moves this Court for an Order, *in limine*, excluding witnesses from the courtroom during the trial of this matter, except at the time of his or her own testimony and after.

Federal Rule of Evidence 615 allows a court to exclude witnesses from trial prior to testifying:

> **615.**    **Exclusion of Witnesses**
>
> At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion.  This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of the party's cause, or (4) a person authorized by statute to be present.

1

Exclusion of non-party and non-corporate witnesses from a trial is a common and long-established practice in Seventh Circuit *juris prudence.* Plaintiffs' and Federal's ability to present their cases will not be prejudiced or obstructed in any manner by the exclusion of witnesses from the courtroom during this trial. The historical and continued purpose of the witness exclusion rule is to ensure that witnesses are impartial and truthful in their testimony to the court by preventing the desire to sculpt testimony to fit that which came before and influence those that come later. *See Mojsilovic v. I.N.S.*, 156 F.3d 743, 749 (7th Cir. 1998) (the purpose of sequestration under Rule 615 is "to ensure that a witness is untainted by the testimony of others"); *Javier ex rel. Romero v. City of Milwaukee*, No. 07-C-204, 2012 WL 4748322, *3-4 (E.D. Wis. Oct. 3, 2012) (granting a motion to exclude witnesses from hearing the testimony of other witnesses "as is required upon request by Fed.R.Evid. 615").

Federal's defense of Plaintiffs' claims would be severely hindered and prejudiced by the ability of witnesses to attend any or all of the testimony presented in this trial, and then present their own custom-tailored or influenced testimony. Based on statutory and common law and the argument presented above, all witnesses should be excluded from the courtroom during the trial of this matter except at the time of their testimony and after their testimony is completed.

For the reasons set forth above, Federal respectfully requests this Court enter an Order excluding witnesses from the courtroom during the trial of this matter until such time as they may be called to give their own testimony.

2

Dated:  March 6, 2013                     Respectfully submitted,

                                          **Federal Insurance Company**


                                          By: s/ David A. Westrup
                                              David A. Westrup, SBN 1034791
                                              von Briesen & Roper, S.C.
                                              411 East Wisconsin Avenue, Suite 1000
                                              Milwaukee, WI 53202
                                              (414) 287-1528 Phone
                                              (414) 238-6678 Fax

                                              and

                                              Janet R. Davis
                                              Gary L. Gassman
                                              Meckler Bulger Tilson Marick & Pearson LLP
                                              123 North Wacker Drive, Suite 1800
                                              Chicago, IL 60606
                                              (312) 474-7900 Phone
                                              (312) 474-7898 Fax

3