IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Cousins Submarines, Inc.,<br>Cousins Subs Systems, Inc.,<br><br>    Plaintiff,<br><br>v.<br><br>Federal Insurance Company,<br><br>    Defendant. | Case No. 12 CV 387 |

**FEDERAL INSURANCE COMPANY'S MOTION IN LIMINE NO. 13
PLACING THE BURDEN UPON PLAINTIFFS TO PROVE FACTS
LEADING TO THE UNDERLYING SETTLEMENT AND
PAYMENT OF THE SETTLEMENT AMOUNT**

**I. INTRODUCTION**

Defendant, Federal Insurance Company ("Federal"), moves this Court for an Order, *in limine*, requiring Plaintiffs, Cousins Submarines, Inc. and Cousins Subs Systems, Inc. ("Plaintiffs"), to prove the facts leading up to and bearing on settlement of the underlying action.

**II. ARGUMENT**

Cousins has asserted claims for breach of contract and for declaratory judgment against Federal. The contract in question is ForeFront Portfolio Policy No. 6803-6438, effective November 1, 2008 to November 1, 2009 (the "Policy"). The Court has ruled on the applicability of two Policy exclusions (Exclusion (C)(2) and Exclusion (C)(8)), with the result that the remaining issue to proceed to trial is allocation. (*Order* (Dkt. 58.)) Specifically, the Court ruled that Federal shall be responsible for paying only those portions of the $750,000 paid by Cousins to the Railing Parties pursuant to the settlement agreement attributable to liability of Cousins for

1

(a) pre-contract damages for the intentional misrepresentation claim, (b) pre-contract damages for the Indiana Franchise Disclosure Act and Indiana Franchise Disclosure Act claims, and (c) the rescissory damages portion of the rescission claim. (*Id.* at 32-33.) Federal shall have no responsibility to reimburse Cousins for portions of the $750,000 paid in settlement of the underlying action attributable to the other claims or to the Morello Defendants as the Policy does not provide coverage for those amounts or parties.

For the jury to determine allocation, evidence must be submitted regarding the settlement agreement and the facts and circumstances of the underlying action bearing on and giving rise to the settlement of the underlying action. Case law provides:

> If the apportionment cannot be made as a matter of legal interpretation of either the allegations in the complaint or the settlement agreement itself, then the trial court will have to call a jury to allocate damages through the most limited trial it considers necessary. . . . The jury can consider any facts that could have been considered in the [underlying] lawsuit itself. The trial court, of course, will have considerable leeway in deciding what facts are truly relevant to the apportionment decision, and can thereby (we hope) prevent a full-blown retrial. . . .

*Enserch Corp. v. Shand Morahan & Co., Inc.*, 952 F.2d 1485, 1495 (5th Cir. 1992); *see also Johnson Outdoors, Inc. v. Gen. Star Indem. Co.*, No. 05-C-0522, 2009 WL 4043104, at *5 (E.D. Wis. Sept. 16, 2009) (citing *Enserch* with approval and describing it parenthetically as "discussing evidence that may be considered in allocation proceeding").

As this Court has noted generally, it "is the insured's burden to prove coverage for a claim." *Quad/Graphics, Inc. v. One2One Communications, LLC*, No. 09-CV-99, 2011 WL 1871108, at *3 (E.D. Wis. May 16, 2011) (citing *Kenefick v. Hitchcock*, 187 Wis. 2d 218, 522 N.W.2d 261, 264 (Ct. App. 1994)); *Just v. Accu-Turn, Inc.*, No. 09-C-0181, 2012 WL 1067106, at *3 (E.D. Wis. Mar. 28, 2012) ("It is the insured's burden to prove coverage for a claim."). Part of the insured's burden is that "of showing an <u>initial</u> grant of coverage." *Day v. Allstate Indem. Co.*, 2011 WI 24, ¶ 26, 332 Wis. 2d 571, 798 N.W.2d 199 (emphasis added) (citing *Am. Family*

2

*Mut. Ins. Co. v. Schmitz*, 2010 WI App 157, ¶ 8, 330 Wis. 2d 263, 793 N.W.2d 111 ("the insured bears the burden of showing initial coverage for the loss"); *see also Estate of Ermenc v. Am. Family Mut. Ins. Co.*, 221 Wis. 2d 478, 481, 585 N.W.2d 679, 681 (Ct. App. 1998) ("insured has the initial burden to show coverage") (cited with approval in *Schmitz*). Because Cousins, as Plaintiffs, is the party seeking recovery from Federal, as Defendant, Cousins has the initial burden to prove its claim under the Policy which, in light of the Court's *Order*, is the burden to prove the facts leading up to and bearing on settlement of the underlying action.

### III. CONCLUSION

For the foregoing reasons, Federal Insurance Company respectfully requests that this Court enter an order requiring Plaintiffs prove the facts leading up to and bearing on settlement of the underlying action.

Dated: March 6, 2013

Respectfully submitted,

**Federal Insurance Company**

By: s/ David A. Westrup _____
    David A. Westrup, SBN 1034791
    von Briesen & Roper, S.C.
    411 East Wisconsin Avenue, Suite 1000
    Milwaukee, WI 53202
    (414) 287-1528 Phone
    (414) 238-6678 Fax

and

Janet R. Davis
Gary L. Gassman
Meckler Bulger Tilson Marick & Pearson LLP
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 474-7900 Phone
(312) 474-7898 Fax