UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

| Cousins Submarines, Inc., | ) |
| Cousins Subs Systems, Inc., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 12 CV 387 |
| v. | ) |
| | ) |
| Federal Insurance Company, | ) |
| | ) |
| Defendant. | ) |

---

## JOINT FINAL PRE-TRIAL REPORT

---

### A. Short Summary of the Facts, Claims and Defenses

The plaintiffs, Cousins Submarines, Inc. and Cousins Subs Systems, Inc. (collectively, "Cousins"), seek insurance coverage under an insurance policy (the "Policy") issued by the defendant, Federal Insurance Company ("Federal") for a $750,000 settlement paid by Cousins to resolve an underlying action arising from a franchise dispute. The parties agree that the remaining limits under the Policy are $672,380.39.

<u>Cousins provides the following summary</u>:

The trial will focus on what portion, if any, of the $750,000 settlement is not covered based on the following allocation provision in the policy:

### X. ALLOCATION

If, in any **Claim** under a Liability Coverage Section, the **Insureds** who are afforded coverage for such **Claim** incur an amount consisting of both **Loss** that is covered by this Policy and also loss that is not covered by this Policy because such **Claim** includes both covered and uncovered matters or covered and uncovered parties, then coverage shall apply as follows:

1

> (1) **Defense Costs**: one hundred percent (100%) of reasonable and necessary **Defense Costs** incurred by such **Insured** from such **Claim** will be considered covered **Loss**; and
>
> (2) loss other than **Defense Costs**: all remaining loss incurred by such **Insured** from such **Claim** will be allocated between covered **Loss** and uncovered loss based upon the relative legal exposures of the parties to such matters.

The Court has decided that the burden of establishing the proper allocation rests with Federal. Order dated February 8, 2013 [dkt. 58] at 31. Federal contends that the burden should rest with Cousins and has filed a motion *in limine* on this issue.

In its complaint against Federal, Cousins alleged claims for breach of contract, declaratory judgment and bad faith. In defense, Federal asserted that coverage was excluded based on Exclusions (C)(2) and (C)(8) in the Policy, and it further asserted that it did not engage in bad faith. On February 8, 2013, the Court entered summary judgment deciding, *inter alia*, that Exclusion (C)(8) did not apply and that Cousins' claim for bad faith should be dismissed.

<u>Federal provides the following summary</u>:

The trial will focus on what portion, if any, of the $750,000 settlement should be allocated to each of the remaining causes of action in the counterclaim filed by James Railing, Karen Railing, Shantel Vaughn, Better Subs Development, Inc., and Better Subs Restaurants, LLC (the "Railing Parties") in the underlying action at the time of settlement, pre- and post-contract amounts, any rescissory damages portion of the rescission of contract claim, and between Cousins and Donald Morello and Morello Franchise Development Co., Inc. (collectively, the "Morello Defendants"), the only counterclaim defendants remaining at the time of settlement. The Court ruled that the burden of establishing the proper allocation rests with Federal. Order dated February 8, 2013 [dkt. 58] at 31. However, Federal contends that the burden should rest with Cousins as provided in Federal's motion *in limine* number 14 on that issue.

2

On summary judgment, the Court determined that Exclusion (C)(2) precludes coverage for all amounts attributable to the Morello Defendants, amounts attributable to breach of contract, Wisconsin Franchise Investment Law and Wisconsin theft statute claims, and amounts attributable to contract-based liability under the intentional misrepresentation, rescission, or Indiana Franchise Disclosure Act and Deceptive Trade Practices Act claims. The Court determined that Federal is only responsible to reimburse Cousins for the portion of the settlement amount in the underlying action attributable to pre-contract damages for the intentional misrepresentation and Indiana Franchise Disclosure Act and Deceptive Trade Practices Act claims, and any rescissory damages portion of the rescission of contract claim.

B. **Statement of the Issues**

Cousins' statement of the issues is: There is one issue for trial – determining how, if at all, the $750,000 settlement paid by Cousins should be allocated between covered loss and uncovered loss consistent with the Policy's allocation provision.

Federal's statement of the issues is: There is one issue for trial – allocation of the $750,000 settlement paid by Cousins between the causes of action and parties remaining in the counterclaim in the underlying action at the time of settlement.

C. **Names and Addresses of All Witnesses Expected to Testify**

Cousins intends to call the following witnesses at trial:

Christine A. Specht-Palmert
President and Chief Operating Officer
Cousins Subs
N83 W13400 Leon Road
Menomonee Falls, WI 53051

Fredric Cohen
Cheng Cohen, LLC
311 N. Aberdeen, Suite 400,
Chicago, IL 60607

Donald A. Morello
8501 Greenway Blvd., #308
Middleton, WI 53562

Federal intends to call the following additional witnesses at trial:

Mark M. Leitner
Kravit, Hovel & Krawczyk S.C.
825 North Jefferson Street, Suite 500
Milwaukee, Wisconsin 53202

Kendall Richmond
2405 North 102nd Street
Wauwatosa, WI 53226

### D. Statement of the Background of All Expert Witnesses

The parties will not be calling any expert witnesses at trial. As set forth in the Court's Order dated February 8, 2013, Mr. Cohen will testify about the nature of the claims asserted in the underlying case, and the factors that went into the settlement. In this capacity, Mr. Cohen's testimony is more in the nature of a fact witness than an expert witness. Order dated February 8, 2013 [dkt. 58] at 30. To the extent, however, that Mr. Cohen offers testimony that the Court concludes is expert in nature, and the Court allows such evidence to go to the jury, Federal reserves the right to call Charles Stierman as a rebuttal expert. Mr. Stierman's background is described in Federal's Rule 26 disclosure dated February 4, 2013, a copy of which is attached hereto as *Exhibit A*. Cousins objects to Federal calling Mr. Stierman as a rebuttal expert and has filed a motion *in limine* to preclude the testimony of Mr. Stierman [dkt. 105].

### E. List of Exhibits to Be Offered at Trial

The exhibits that the parties intend to offer at trial are identified in the attached Joint Trial Exhibit List which is attached hereto as *Exhibit B*. The exhibits have been marked in accordance with General L.R. 26. The parties have stipulated to the admissibility of Exhibits 1 through 3.

Cousins has stipulated to the authenticity but not the admissibility of Exhibits 1001 through 1011, which will be offered by Federal.

As required by the Trial Scheduling Order dated August 2, 2012 [dkt. 12], the parties will be providing herewith three (3) copies of their respective exhibits in three-ring binders.

    **F.**    **Designation of Deposition Transcripts to Be Read At Trial**

The parties will not be reading into the record any portion of any deposition transcripts unless a particular witness becomes unavailable for trial. Likewise, they will not be playing any recordings from depositions at trial. Deposition transcripts will be used for impeachment purposes only, to the extent necessary.

    **G.**    **Estimate of the Time Needed to Try the Case**

The parties estimate that the trial can be completed in no more than two days.

    **H.**    **Jury Trial Requirements**

        **1. Proposed *Voir Dire* Questions**

The parties jointly propose the following *voir dire* questions:

- Have you or any of your family members or close friends ever been employed by Cousins Submarines, Inc., by Cousins Subs Systems, Inc., or by any fast food sandwich company? If so, please identify the company and job title.

- Have you or any of your family members or close friends ever been employed by Federal Insurance Company, or by any insurance company? If so, please identify the insurance company and job title.

- The following persons may testify at trial in this matter. Do you know or are you acquainted with any of the following:
    - Christine Specht-Palmert
    - Frederic Cohen
    - Donald Morello
    - Mark Leitner
    - Kendall Richmond
    - Charles Stierman

- In addition to the individuals just mentioned, you may hear testimony concerning the following persons. Do you know or are you acquainted with any of the following:
    - James Railing, also known as Jim Railing
    - Karen Railing
    - Shantel Vaughn

- In addition to the companies that are parties to this case, you may hear testimony concerning the following companies. Do you know or are you acquainted with any of the following companies:
    - Morello Franchise Development Co., Inc.
    - Betters Subs Development, Inc.
    - Betters Subs Restaurants, LLC

- Cousins Submarines, Inc. and Cousins Subs Systems, Inc. are represented in this matter by Doug Dehler and Laura Now of O'Neil, Cannon, Hollman, DeJong & Laing, of Milwaukee. Do you know or are you acquainted with these attorneys or their firm?

- Federal Insurance Company is represented in this matter by David Westrup of von Briesen & Roper, of Milwaukee, and Janet Davis of Meckler Bulger Tilson Marick & Pearson, of Chicago. Do you know or are you acquainted with either of these attorneys or their firms?

- Have you served on a jury before? If so, was the case civil or criminal? Did you reach a verdict? Were you the foreperson? Please describe your experience.

Federal proposes the following additional *voir dire* questions:

- Have you ever given sworn testimony as a witness in a deposition or in court? If so, what were the circumstances in which you gave your testimony?

- Have you or any of your family members or close friends ever sued someone? If so, what was the nature of the lawsuit?

- Have you or any of your family members or close friends ever been sued by someone? If so, what was the nature of the lawsuit?

- Have you or any of your family members or close friends ever had an insurance company deny a claim? If so, what was the nature of the claim? What did you do in response?

- Have you seen the television advertisements for Cousins Subs? What do you think of them?

- Have you or any of your family members or close friends ever owned a small business? If so, what was the nature of the business?

6

- Have you or any of your family members or close friends ever been a franchisee or a franchisor? If so, what was the nature of the franchise?

- Do you have professional experience in drafting contracts? If so, what kind?

- Have you ever been a party to a written agreement that settled a lawsuit? If so, what was the nature of the lawsuit?

- Have you ever been a party to a written agreement that settled a business dispute, even absent a lawsuit? If so, what was the nature of the business dispute?

- Have you ever heard about this case before today?

### 2. Brief Summary of Elements Underlying Each Claim and Defense, As Required by Trial Scheduling Order

Cousins' position is as follows: When Cousins filed this case, it alleged against Federal claims for breach of contract, declaratory judgment and bad faith. Cousins' bad faith claim has been dismissed. The only claims remaining for trial are Cousins' breach of contract and declaratory judgment claims. In its Order on February 8, 2013, the Court stated that the general question that remains for trial is one of allocation, which the Court stated was a "very limited question." Order dated February 8, 2013 [dkt. 58] at 33. Here, the parties agree that Cousins has stated a claim for breach of contract, and that it is entitled to be paid for any portion of the $750,000 settlement that is not allocated to uncovered losses under the Policy's allocation provision. In addition, the parties agree that there is an actual and justiciable controversy between them on the allocation issues, for which declaratory relief is appropriate under 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

Cousins is seeking coverage for that portion of the $750,000 settlement that: (1) is attributable to the rescissory or restorative damages that the Court declared are covered by the Policy (Order dated February 8, 2013 [dkt. 58] at 18-19); and (2) is attributable to Cousins, which was insured, as opposed to the Morello Defendants, who were not insured. Cousins is not

7

seeking any coverage for the portion of the settlement that might be attributable to the "string along" period discussed in the Court's Order, as the Railing parties were not seeking any such damages. Likewise, Cousins believes that the testimony will show that the Railing parties were not seeking any damages for lost profits or any other damages based on Cousins' alleged breach of contract. The Policy's allocation clause uses the phrase "relative legal exposure," and Cousins contends that this phrase contemplates an allocation based on factors such as those set forth in *Caterpillar, Inc. v. Great American Ins. Co.*, 62 F.3d 955, 960-61 (7th Cir. 1995) (outlining eleven factors considered by courts under the "relative exposure" rule).

Federal's position is as follows: The Court has ruled on the issues of coverage. The Court determined that Federal is only responsible to reimburse Cousins for the portion of the settlement amount in the underlying action attributable to Cousins, and not the Morello Defendants, pre-contract damages for the intentional misrepresentation and Indiana Franchise Disclosure Act and Deceptive Trade Practices Act claims, and any rescissory damages portion of the rescission claim. The sole issue remaining for trial is allocation of the $750,000 settlement paid among the causes of action and parties remaining in the counterclaim in the underlying action at the time of settlement.

With regard to Cousins' declaratory judgment claim against Federal, the Court has the authority to issue declaratory relief where there is an actual controversy. 28 U.S.C § 2201; Fed. R. Civ. P. 57. Here, the parties agree that there is an actual controversy between them that is justiciable. The jury should be allowed to decide the issue of allocation related to the settlement amount paid in the underlying action up to $600,000. Federal's position is that its liability in this matter should not exceed $600,000 because there was a concurrent settlement agreement between Cousins and the Morello Defendants after the settlement of the underlying action, by

8

which the Morello Defendants agreed to pay $150,000 to Cousins as contribution toward the settlement with the Railing Parties.

### 3. Proposed Jury Instructions

The parties have agreed to certain jury instructions, which are attached hereto as *Exhibit C*. The jury instructions agreed upon by the parties generally include the Seventh Circuit Court of Appeals Pattern Civil Jury Instructions.

Cousins' proposed additional jury instructions are attached hereto as *Exhibit D*. In addition, Cousins has included within *Exhibit D* the following: (i) a combined memorandum of law in support of its proposed additional jury instructions and in opposition to Federal's proposed additional jury instructions; and (ii) any offer of proof that may be necessary to support Cousins' position on the jury instructions.

Federal's proposed additional jury instructions are attached hereto as *Exhibit E*. In addition, Federal has included within *Exhibit E* the following: (i) a combined memorandum of law in support of its proposed additional jury instructions and in opposition to Cousins' proposed additional jury instructions; and (ii) any offer of proof that may be necessary to support Federal's position on the jury instructions.

### 4. Proposed Verdict Form

Cousins' proposed verdict form is attached hereto as *Exhibit F*. In addition, Cousins has included within *Exhibit F* the following: (i) a combined memorandum of law in support of its proposed verdict form and in opposition to Federal's proposed verdict form; and (ii) any offer of proof that may be necessary to support Cousins' position on the verdict form.

Federal's proposed verdict form is attached hereto as *Exhibit G*. In addition, Federal has included within *Exhibit G* the following: (i) a combined memorandum of law in support of its

proposed verdict form and in opposition to Cousins' proposed verdict form; and (ii) any offer of proof that may be necessary to support Federal's position on the verdict form.

Dated: March 7, 2013                                Respectfully submitted,

**Cousins Submarines, Inc. and**                    **Federal Insurance Company**
**Cousins Subs Systems, Inc.**

By:   /s/Douglas P. Dehler                          By:   /s/ David A. Westrup
     Douglas P. Dehler                                      David A. Westrup
     O'Neil, Cannon, Hollman, DeJong &                      von Briesen & Roper, S.C.
     Laing S.C.                                             411 East Wisconsin Avenue, Suite 700
     111 E. Wisconsin Avenue, Suite 1400                    Milwaukee, WI 53202
     Milwaukee, Wisconsin 53202                             (414) 287-1528 Phone
     (414) 276-5000 Phone                                   (414) 238-6678 Fax
     (414) 276-6581 Fax                                     and
                                                            Janet R. Davis
                                                            Gary L. Gassman
                                                            Meckler Bulger Tilson Marick &
                                                            Pearson  LLP
                                                            123 North Wacker Drive, Suite 1800
                                                            Chicago, IL 60606
                                                            (312) 474-7900 Phone
                                                            (312) 474-7898 Fax

11

Case 2:12-cv-00387-JPS   Filed 03/07/13   Page 11 of 11   Document 109